IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON D. LUSTER § | | |
| (TDCJ No. 1891914), § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:17-cv-2664-D-BN | |
| § | | |
| LORIE DAVIS, Director § | | |
| Texas Department of Criminal Justice § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Brandon D. Luster, a Texas inmate, has filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss the application as barred by the applicable statute of limitations.

**Applicable Background**

Luster's habeas petition collaterally attacks his conviction for aggravated sexual assault of a child under 14, which resulted in a sentence of 30 years of imprisonment. *See State v. Luster*, No. F10-00689-W (363d Jud. Dist. Ct., Dallas Cty., Tex. Sept. 12, 2013) [Dkt. No. 9-1 at 3-4]; *see also* Dkt. No. 3 at 2. This conviction and judgment,

along with Luster's conviction for sexual assault of a child under 14, which resulted in a 14-year sentence, were affirmed on direct appeal. *See Luster v. State*, Nos. 05-13-01342-CR & 05-13-01343-CR, 2014 WL 6736921 (Tex. App. – Dallas Dec. 1, 2014, no pet.). And, although Luster sought – and obtained – an extension of time (to March 2, 2015) in which to file petitions for discretionary review ("PDR") with the Texas Court of Criminal Appeals ("CCA"), no PDRs were filed. *See Luster v. State*, PD-1683-14 & PD-1684-14 (Tex. Crim. App.).

Luster did, however, file two state habeas applications. The first petition was dismissed by the CCA as noncompliant with Texas Rule of Appellate Procedure 73.1 on October 14, 2015. *See Ex parte Luster*, WR-83,788-01 (Tex. Crim. App. Oct. 14, 2015). And his second state petition (signed on February 12, 2016, *see* Dkt. No. 9-1 at 49, 50) was denied by the CCA without written order on the findings of the trial court without a hearing on August 3, 2016. *See Ex parte Luster*, WR-83,788-02 (Tex. Crim. App. Aug. 3, 2016).

Luster filed this federal habeas action no sooner than September 26, 2017, the date on which he declares that he placed the petition in the prison mailing system. *See* Dkt. No. 3 at 10.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the

latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The Supreme Court of the United States has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court also has determined that the AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the

-4-

Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

Luster's state criminal judgment challenged by this habeas action became final on March 2, 2015, "when his extension for filing a PDR with the [CCA] expired." *Martinez v. Davis*, No. SA-16-CA-1305-DAE, 2017 WL 2124489, at *1 (W.D. Tex. May 12, 2017) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."); *Brown v. Thaler*, 455 F. App'x 401, 405 (5th Cir. 2011) ("Because Brown received an extension to file a PDR, the time in which he could no longer seek further direct review expired on [the extended-deadline to file a PDR].")). Thus, absent tolling, under Section 2244(d)(1)(A) – the only provision plausibly applicable based on the Section 2254 petition – the deadline to file this action was March 2, 2016.

Turning to tolling under Section 2244(d)(2), the CCA dismissed Luster's first state habeas petition under Rule 73.1.

> The State of Texas prescribes the form to be used by applicants for state habeas relief and requires that the legal and factual grounds be identified on the 11.07 form. TEX. R. APP. P. 73.1. Texas courts enforce the requirement that an applicant specify the grounds for relief within the pages of the prescribed form, *e.g., Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006), and such requirements have been upheld by the United States Supreme Court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim....").

*Rodriguez v. Thaler*, Civ. A. No. V-09-28, 2012 WL 3276713, at *6 (S.D. Tex. Aug. 8, 2012) (examining the failure to comply with Rule 73.1 in the context of procedural default).

"Under Texas law, compliance with the requirements of Rule 73.1 is a prerequisite to consideration of the merits of an applicant's claims. Therefore, compliance with the requirements is a 'condition to filing' and not a 'condition to obtaining relief.'" *Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2011) (per curiam) (quoting *Artuz v. Bennett*, 531 U.S. 4, 10 (2000)). Even if the state trial court (or the convicting court) considers the merits of the state habeas petition, the CCA may still dismiss that petition under Rule 73.1 "for failing to follow the state's procedural filing requirements," as the CCA "makes the final decision whether the application complies with all filing requirements and whether to grant or deny the application." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 11.07); *see also id.* at 688 n.1 (noting that the CCA's "use of the term 'dismiss' belies any notion that the court considered any of [the petitioner's] claims on the merits" (citations omitted)). And "[b]ecause compliance with procedural filing requirements is a matter of state law," a federal court should

"defer to the CCA's determination that [a habeas applicant] failed to follow the filing requirements." *Id.* at 688.

Because Luster's initial state habeas petition was dismissed by the CCA for failing to comply with Rule 73.1, that application was not properly filed. Its pendency did not therefore toll the statute of limitations. *See id.* (concluding that a state habeas application dismissed under Rule 73.1 "was not 'properly filed' and did not toll the AEDPA statute of limitations"); *see also Jones v. Stephens*, No. 3:13-cv-336-L, 2013 WL 5325895, at *3 (N.D. Tex. Sept. 23, 2013) ("Because Petitioner's first state habeas application was dismissed for failing to comply with Texas Rule of Appellate Procedure 73.1, Petitioner is not entitled to statutory tolling for the period of time his first state writ was pending." (citing *Artuz*, 531 U.S. at 8 ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"); *Villegas v. Johnson*, 184 F.3d 467, 470 & n.2 (5th Cir. 1999) (holding "that a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements"))).

But Luster's second state petition, filed no sooner than February 12, 2016 – the date he signed it – was properly filed prior to the expiration of the one-year limitations period. That period was therefore tolled during the second petition's pendency – from February 12, 2016 to August 3, 2016, when the petition was denied by the CCA. Adding this 174-day period to the date the Section 2254 application was due absent tolling under Section 2244(d)(2) (March 2, 2016) results in a due date of August 23, 2016.

Accordingly, unless equitable tolling or actual innocence applies, Luster's federal

habeas petition was filed more than 13 months too late.

Particularly through his reply to the preliminary response asserting that his habeas application is time-barred [Dkt. No. 12], Luster has not demonstrated that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 640 F. App'x at 307. Nor has he established actual – factual – innocence by coming forward with new and reliable evidence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. As to this point, Luster's Section 2254 petition asserts that it is based on "newly discovered evidence," Dkt. No. 3 at 9, but Luster wholly fails to identify what that evidence may be, *see generally id.*

For these reasons, the Section 2254 application is time-barred.

### Recommendation

The Court should dismiss Petitioner Brandon D. Luster's 28 U.S.C. § 2254 habeas petition as barred by the applicable statute of limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 24, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE